1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8
Jeffrey Joseph Hausner,                )      No.  CV-15-00650-PHX-SPL
9                                       )
                    Petitioner,         )
10                                      )      **ORDER**
    v.                                  )
11                                      )
                                        )
12  Charles L. Ryan, et al.,            )
                                        )
13                  Respondents.        )
                                        )
14  _____      )
15          The Court has before it Petitioner's Amended Petition for Writ of Habeas Corpus
16  pursuant to 28 U.S.C. § 2254 (Doc. 9), Respondents' Answer (Doc. 15), and Petitioner's
17  Reply (Doc. 16).  We also have before us the Report and Recommendation (R&R) of the
18  United States Magistrate Judge (Doc. 19), recommending denial of the Petition,
19  Petitioner's timely Objections (Doc. 23), and the Respondents' Response to the
20  Petitioner's Objections to the Report and Recommendation (Doc. 24).
21          Petitioner was found guilty by a jury of one count of attempted first degree murder
22  (Count 1), and one count of aggravated assault (Count 2) (Doc. 15, Exhs.  A, M).
23  Finding that the Petitioner had a historical dangerous felony conviction, he was sentenced
24  to an 18 year prison term for Count 1, and an 11.25 year concurrent prison term for Count
25  2.  The court ordered that the sentences run consecutive to a prior state court conviction
26  two years earlier (Doc. 15, Exh. W at 4, 8, 15-17).
27          The Petitioner raises five grounds for relief in his Petition for Writ of Habeas
28  Corpus.  In *Ground One*, the Petitioner argues the government committed prosecutorial

misconduct by commenting on an unrelated serial shooter case that denied the Petitioner of his due process and fundamental fairness under the Arizona and United States Constitution. In *Ground Two*, the Petitioner argues he was denied a fair trial because the chronic prejudicial information involving references to the serial shooter investigation and case were mentioned during the trial. In *Ground Three*, the Petitioner argues that sufficient evidence did not exist to support a conviction for either count. In *Ground Four*, the Petitioner argues the verdict form was deficient because it did not provide the jury with an opportunity to return a general verdict of unable to decide. In *Ground Five (A)*, the Petitioner argues his state rights were violated when the superior court failed to grant post-conviction relief based on newly discovered evidence. The Petitioner argues in *Ground Five (B)*, ineffective assistance of counsel for failure to file a motion for change of venue, failure to use cellular phone records, failure to call a witness to testify on Petitioner's behalf and failure to determine whether Petitioner could have stabbed the victim with his left hand (Doc. 9 at 6-17).

The Magistrate Judge concluded that *Ground Five (A)* is procedurally barred from federal habeas corpus review and further concluded that the Petitioner has not established a basis to overcome that bar. Additionally, the Magistrate Judge held the Petitioner has not shown that he is entitled to habeas corpus relief on his remaining claims (Doc. 19 at 41).

In his Objections to the Report and Recommendation, Petitioner specifically objects to the conclusion of the United States Magistrate Judge that *Ground Five (A)* is procedurally defaulted, and that the remainder of the Petitioner's claims fail on the merits (Doc. 23 at 6). The Petitioner submits his PCR counsel and appeals counsel failed to present to state courts the substance of his federal habeas corpus claim and that both failed to separately present both the operative facts and the federal legal theory of innocence on which his claim is based. Furthermore, the Petitioner argues his relief would come from the federal court and that it was futile to pursue his issues with the Arizona Supreme Court. Additionally, the Petitioner argues the Magistrate Judge

followed the Respondent's Answer (Doc. 15) in deciding the conclusion in the R&R (Doc. 23 at 6-8). Respondents argue in their Response to Objections that the majority of Petitioner's arguments are adequately addressed in the Magistrate Judge's R&R and that the Court should overrule Petitioner's objections, denying and dismissing the petition with prejudice, and deny a certificate of appealability (Doc. 24 at 1-3).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record and the specific written objections to the findings and recommendations in the very detailed R&R, without the need for an evidentiary hearing. After conducting a *de novo* review of the issues and objections, the Court finds the Magistrate Judge was correct in the conclusions reached in the R&R. Specifically, the Court finds no fundamental miscarriage of justice based on the issues the Petitioner raised about the performance of assigned trial and appellate counsel. Additionally, the Court finds *Ground Five (A)* is procedurally defaulted, and the Magistrate Judge reached the right conclusion that the remaining claims fail on the merits.

Having carefully reviewed the record, the Petitioner has not shown that he is

entitled to habeas relief. Finding none of Petitioner's objections have merit, the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1.      That the Magistrate Judge's Report and Recommendation (Doc. 19) is **accepted** and **adopted** by the Court;

2.      That the Petitioner's Objections (Doc. 23) are **overruled**;

3.      That the Amended Petition for Writ of Habeas Corpus (Doc. 9) is **denied** and this action is **dismissed with prejudice**;

4.      That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

5.      That the Clerk of Court shall **terminate** this action.

Dated this 31st day of July, 2017.

Honorable Steven P. Logan
United States District Judge